IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARMAND & MARY CORRENTI,         : | |
|       Plaintiffs,         : | |
| : | |
| v.         : | Civ. No. 12-6303 |
| : | |
| MERCHANTS PREFERRED         : | |
| INSURANCE CO.,         : | |
|       Defendant.         : | |
| : | |

**Diamond, J.**                                                                                                                                                                                  **Jan. 31, 2013**

## MEMORANDUM

Plaintiffs Armand and Mary Correnti allege that their insurer, Defendant Merchants Preferred Insurance Company, failed fully to indemnify Plaintiffs' claim for $104,749.77 in home repairs. *(Doc. No. 1, Ex. A.)* Merchants moves for summary judgment. *(Doc. No. 9.)* Because I conclude that Plaintiffs failed to comply with required appraisal procedures, I will grant the Motion.

I.     BACKGROUND

    A.     *The Policy*

Plaintiffs reside in Bensalem, Pennsylvania. *(Doc. No. 10 at 11.)* In October 2010, Plaintiffs renewed their Merchants home insurance policy. *(Doc. No. 9, Ex. B at 39.)* The Policy includes an appraisal clause that provides in pertinent part: "If you or we fail to agree on the *amount of loss*, either may demand an appraisal of the loss." *(Id.) (emphasis added).* The Policy also includes a legal action clause precluding Plaintiffs from bringing a coverage lawsuit against Merchants, unless "there has been full compliance with the terms . . . of this policy." *(Id. at 11.)*

B.  *Plaintiffs' Damage Claim*

On October 10, 2011, during the pendency of their Merchants Policy, Plaintiffs sustained damage to their home. *(Doc. No. 11 at 28.)* The loss of contents was estimated at $21,362.69; the estimated repairs were $83,387.08. *(Id.)* Plaintiffs hired Alliance Adjustment Group to represent them, and sought coverage for the repairs under the Merchants Policy. *(Id.)*

Merchants acknowledged coverage, and sent two inspectors to examine the residence and prepare an estimate of the damage. *(Id. at 9.)* They estimated that home repairs would cost $21,897.17, and the lost contents $5,493.00. *(Id. at 10.)* In accordance with that estimate, on March 23, 2011, Merchants sent Plaintiffs two checks in those amounts. *(Id.)* Because insurer and insured disagreed as to the loss amount, Merchants included with the checks a letter calling for an appraisal as required in the Policy. *(Id.)*

Inexplicably, Plaintiffs refused to participate in the appraisal process, and brought suit against Merchants in the Philadelphia Common Pleas Court for breach of contract and bad faith. *(Id. at 8.)* On November 7, 2012, Merchants removed to this Court, invoking diversity jurisdiction. *(Doc. No. 1)*; 28 U.S.C. § 1332 (2005). Merchants now moves for summary judgment, arguing that Plaintiffs impermissibly brought suit without first participating in the appraisal process. *(Doc. No. 9.)* I agree.

II.  LEGAL STANDARDS

Both Parties correctly note that Pennsylvania law governs this dispute. *(Doc. No. 9 at 13)*; *(Doc. No. 10 at 13)*; Regents of the Mercersburg Coll. v. Republic Franklin Ins. Co., 458 F.3d 159, 163 (3d Cir. 2006) (an insurance contract is governed by the law of the state in which the contract was made).

A.    *Summary Judgment*

I may grant summary judgment "if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party must initially show the absence of any genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). An issue is material only if it could affect the result of the suit under governing law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). I "must view the facts in the light most favorable to the non-moving party," and make every reasonable inference in that party's favor. Hugh v. Butler County Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005). If, after making all reasonable inferences in favor of the non-moving party, I determine that there is no genuine issue of material fact, summary judgment is appropriate. See Celotex, 477 U.S. at 322; Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 83 (3d Cir. 1987).

B.    *Construing the Insurance Policy*

I must read an insurance contract as a whole. Koval v. Liberty Mut. Ins. Co., 531 A.2d 487, 489 (Pa. Super. Ct. 1987). When policy language is clear and unambiguous, I am required to give effect to that language. Gene & Harvey Builders, Inc. v. Pa. Mfr.'s Assoc. Ins. Co., 517 A.2d 910, 913 (Pa. 1986). When the language of the policy is ambiguous, however, "the policy is to be construed in favor of the insured." Gillin v. Universal Underwriters Ins. Co., No. CIV.A.09-5855, 2011 U.S. Dist. LEXIS 21842, at *13 (E.D. Pa. Mar. 4, 2011). A contract is ambiguous only "if it is reasonably susceptible of different constructions and capable of being understood in more than one sense." Kripp v. Kripp, 849 A.2d 1159, 1163 (Pa. 2004). I "should read policy provisions to avoid ambiguities if possible and should not torture the language to create them." Spezialetti v. Pac. Emp'rs Ins. Co., 759 F.2d 1139, 1142 (3d Cir. 1985).

    C.    *Appraisal Requirement*

Pennsylvania law favors resolution of insurance coverage/ loss disputes through appraisal. Ice City v. Ins. Co. of N. Am., 314 A.2d 236, 240 (Pa. 1974). "A condition precedent to appraisal is that there be an admission of liability and a dispute only as to the dollar value of the loss." Williamson v. Chubb Indem. Ins. Co., No.11-6476, 2012 WL 760838, at *4 (E.D. Pa. March 8, 2012) (applying Pennsylvania law). Appraisal is not appropriate if the insurance company disputes coverage or claims an exclusion of a loss. See Banks v. Allstate, No.91-6982, 1992 WL 102885, at *2-3 (E.D. Pa. May 7, 1992) (applying Pennsylvania law).

"[W]hen the parties merely disagree over the *extent* of damage or whether a covered peril is the cause of certain damage, that is a dispute regarding the amount of loss and is proper for appraisal." Williamson, 2012 WL 760838, at *4 (emphasis added); see also Knop v. The Travelers Home and Marine Ins. Co., No.10-5506 (E.D. Pa. Dec. 12, 2010) (applying Pennsylvania law).

III.    DISCUSSION

Merchants argues that because the Parties dispute only the "amount of loss," the Policy requires an appraisal. *(Doc. No. 9 at 14.)* Plaintiffs argue that appraisal is inappropriate because the Parties disagree as to the scope of damages. *(Doc. No. 10 at 17.)* Plaintiffs' contention is frivolous.

There is no factual dispute respecting Merchants' invocation of the Policy's appraisal requirement. Moreover, Merchants does not dispute coverage. *(Doc. No. 9 at 11).* The Parties dispute only the "extent of damage." See Williamson, 2012 WL 760838, at *4 (the extent of the damage includes an estimation of the dollar value of a loss and a judgment of what repairs are

necessary to recoup from the loss). Under the Policy's unambiguous provisions, Plaintiffs were thus required to participate in the appraisal process before commencing suit. See Sydney v. Pacific Indem. Co., No. 12-1897, 2012 WL 3135529, at "4 (E.D. Pa. Aug. 1, 2012) (applying Pennsylvania state law). Their failure to do so bars them from proceeding in court.

IV.     CONCLUSION

For the foregoing reasons, Merchants' Motion for Summary Judgment is **GRANTED**. An appropriate Order follows.

                                        */s/ Paul S. Diamond*
                                        _____
                                        Paul S. Diamond, J.